**Karl R. LYMAN and Edith K. Lyman, Plaintiffs and Respondents,**

v.

**Howard F. HATCH and Leland G. Brooks, Defendants and Appellants.**

**No. 14164.**

Supreme Court of Utah.

March 3, 1976.

Glen J. Ellis, Maxfield, Gammon, Ellis & Dalebout, Provo, for defendants and appellants.

Dallas H. Young, Jr., Ivie & Young, Provo, for plaintiffs and respondents.

HENRIOD, Chief Justice:

Appeal from a judgment on a promissory note awarded by the trial court, sitting without a jury. Affirmed, with costs on appeal to plaintiffs.

The defendants (appellants here) urge that although they signed the note, subject of this litigation, the obligation attendant thereto was an offspring of a nudum pacum document that did not mean what it clearly said. This, it is averred, is because the history of its conception resulted in still birth because of technical aspects relating to 1) limited partnership interests, 2) statutory violations of partnership interests, and 3) because "owners of a corporation are not the owners of the corporations' [sic] property."

Withal this diversionary atmosphere, the appellants themselves, somewhat inconsistently, but more concisely and correctly advertised the real structure on which this appeal is bottomed, in that part of their brief entitled "Relief Sought on Appeal," wherein they asked for reversal because "there was a failure of consideration for the note and that the same [for that reason] was unenforceable."

Defendant Hatch, after having testified at great length in what proved to be far from a bullet-proof defense,—more in the nature of a truce or surrender,—conceded that when he signed the note he "assumed it was a legal note" and that he was to receive as a quid pro quo "for having signed it,"—"six thousand dollars worth of stock."

---

2. *Einerson v. Central Lumber & Hardware Co.*, 14 Utah 2d 278, 382 P.2d 655; *Wagstaff v. Remco, Inc.*, 540 P.2d 931 (Utah).

The trial judge listened for hours about partnership liability, general and limited partnership concepts, testimony about other adjunctive cases involving antecedent res judicata arguments,—and came up with something with which we agree,—that without his requesting briefs or arguments or anything else,—and while still on the bench,—ad hocly,—and we think correctly, —and on the very last page of the transcript,—said: "I think the defendants have failed to prove failure[1] of consideration in the matter . . . The court will be in recess." This may have been an apologia for threadbare patience, but a study in a discernment of the only real issue in this case: The principle that a plaintiff must sustain the burden of what he asserts. We join the trial court in concluding such obligation was not evident here.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

1. It is assumed that the trial court used "failure" as consonant with "lack" of consideration.